**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO COLIMA-CASILLAS and CARMEN COLIMA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72814 <br><br> Agency Nos.   A075-718-577 <br> A075-718-578 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]
San Francisco, California

Before:     O'SCANNLAIN, TALLMAN and BEA, Circuit Judges.

Petitioners Eduardo Colima-Casillas and Carmen Colima, natives and

citizens of Mexico, petition for review of a Board of Immigration Appeals order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the Board's denial of petitioners' motion to reopen for failure to establish prima facie eligibility for relief, to the extent the motion introduced further evidence of the same basic hardship to petitioners' United States citizen son. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (explaining that § 1252(a)(2)(B)(i) bars jurisdiction when question presented in motion to reopen is essentially the same hardship ground originally decided). Our conclusion that we lack jurisdiction to review this determination forecloses petitioners' argument that the Board denied them due process by failing to explain adequately its reasons for denying the motion to reopen. *See id*. at 603-04.

Petitioners' contention that the agency failed to adhere to its own administrative standards by failing to grant cancellation of removal does not raise a colorable due process claim. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The Board did not abuse its discretion in concluding that new evidence of the family's various medical conditions was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (recognizing that Board's denial

2

of motion to reopen shall be reversed only if "arbitary, irrational or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**